IN THE COURT OF APPEALS
AT KNOXVILLE

FILED

**August 20, 1998**

**Cecil Crowson, Jr.**
**Appellate Court Clerk**

REBA PINSON,                    )    HAMILTON CIRCUIT
                               )    C.A. NO. 03A01-9712-CV-00533
                               )
        Plaintiff-Appellant    )
                               )
vs.                            )
                               )    HON. DOUGLAS A. MEYER
                               )    JUDGE
                               )
HOPKINS SURVEYING GROUP, INC.,)
                               )
        Defendant-Appellee     )    AFFIRMED AND REMANDED


CHARLES P. DUPREE, Chattanooga, for Appellant.


R. DEE HOBBS, Chattanooga, for Appellee.




O P I N I O N

McMurray, J.


        The genesis of this action is a property boundary line dispute
between the plaintiff and others.  Plaintiff, Reba Pinson, filed
suit against Hopkins Surveying Group, Inc., alleging that she had
hired the defendant to survey her property in conjunction with the
boundary line dispute.  Here she alleges that the defendant
negligently and erroneously conducted a survey of the disputed

property line.  Defendant moved for summary judgment and the trial court granted the motion and dismissed the case.  This appeal resulted.  We affirm the judgment of the trial court.

It appears from the affidavits in the record that sometime in 1989, Pinson became involved in a boundary line dispute with her neighbors.  Pinson's attorney at that time contacted David Hopkins, principal of the defendant corporation, and requested that he travel to the property site and walk the property with Pinson.  Hopkins contracted to survey the property line, verify the corners of the property line, and locate any improvements and encroachments.  Hopkins subsequently prepared a survey drawing of the property line.

After the survey was completed, Hopkins received correspondence from Pinson's attorney, advising him that litigation between Pinson and her neighbors (Mr. and Mrs. Snyder) had ensued, and requesting that he appear on behalf of Pinson in that case.  A voluntary dismissal of this lawsuit was entered by Pinson, however, in January of 1991.

Subsequently, in January 1992, Pinson employed another attorney and again filed suit against the Snyders.  A settlement agreement as to the location of the property line was eventually reached, and Hopkins returned to the property, meeting with both

2

parties and their counsel. On April 7, 1993, Pinson and the Snyders announced to the Hamilton County Chancery Court that all matters in controversy had been settled. The chancellor approved the settlement, and Pinson's attorney at that time requested Hopkins to stake the property line in accordance with the settlement agreement.

On July 13, 1994, Pinson filed a complaint against Hopkins Surveying Group, Inc., alleging "a breach of contract and an intentional misrepresentation of the ability and quality of the services to be rendered." Defendant answered, denying the complaint's allegations, and Hopkins filed an affidavit alleging that the survey was accurate and performed in a timely and professional manner, "using those methods, standards and practices which are reasonable and customary in the trade."

Defendant moved for summary judgment. In a rather unusual twist, all four judges for the Circuit Court of Hamilton County recused themselves in succession. The Honorable Douglas A. Meyer, Presiding Judge of the Criminal Court of Hamilton County, agreed to hear the case. He granted defendant's motion for summary judgment.

Our standard of review of a trial court's grant of summary judgment is well-settled:

Tenn.R.Civ.P. 56.03 provides that summary judgment is only appropriate where: (1) there is no genuine issue with regard to the material facts relevant to the claim or defense contained in the motion, Byrd v. Hall, 847 S.W.2d 208, 210 (Tenn. 1993); and (2) the moving party is entitled to a judgment as a matter of law on the undisputed facts. Anderson v. Standard Register Co., 857 S.W.2d 555, 559 (Tenn. 1993). The moving party has the burden of proving that its motion satisfies these requirements. Downen v. Allstate Ins. Co., 811 S.W.2d 523, 524 (Tenn.1991).

The standards governing the assessment of evidence in the summary judgment context are also well established. Courts must view the evidence in the light most favorable to the nonmoving party and must also draw all reasonable inferences in the nonmoving party's favor. Byrd, 847 S.W.2d at 210-11. Courts should grant a summary judgment only when both the facts and the conclusions to be drawn from the facts permit a reasonable person to reach only one conclusion. Id.

Carvell v. Bottoms, 900 S.W.2d 23, 26 (Tenn. 1995).

Pinson filed her own affidavit in response to the motion for summary judgment. In it, she states the following in relevant part:

As the survey progressed, it appeared to me that the employees doing the survey were more interested in obtaining an agreement with the conclusions and findings of the other surveyors than in the independent measurement and review of the boundaries of my property itself. When I asked about this procedure, I was told that this was the proper way to determine a disputed boundary and it was being done to eliminate mistakes. When I questioned the employee-surveyor further, he denied that there were any mistakes in the survey. My lawyer was later delivered a report and survey by Defendant, which was represented to be accurate by Defendant and its employees.

4

Based on the representations of accuracy by Defendant and its employees and the placement of the boundary line as was set out in their survey, the legal dispute was settled and the boundary line was placed as set out.

After the lawsuit had concluded, I had to pay the Defendant's bill for the surveying. I went to the office to pay the bill and while I was there I discussed my survey with David Hopkins. For the first time, I was told that there were mistakes in the final survey that had been done and that he (David Hopkins) had known about the mistakes prior to submitting the report and survey to my lawyer.

From our discussion, it appeared to me that the mistakes were material and had affected the boundary line placement to my detriment, resulting in the line being placed where I received less usable property.

The defendant denies that any admission of mistakes in the survey was ever made. Thus, from the record before us, we find there is an issue of fact, however, it is necessary to examine the matter further. Before an issue of fact can preclude a summary judgment, it must be a genuine issue and further, it must be a material issue. If the issue fails either test, it does not preclude a summary judgment.

The phrase "genuine issue" contained in Rule 56.03 refers to genuine factual issues and does not include issues involving legal conclusions to be drawn from the facts. Price v. Mercury Supply Co., 682 S.W.2d 924, 929 (Tenn. App. 1984). The critical focus is limited to facts deemed "material", Evco [Corp v. Ross, 528 S.W.2d 20 (Tenn. 1975)] 528 S.W.2d at 24, 25, which is to say those facts that must be decided in order to resolve the substantive claim or defense at which the motion is directed. Knoxville Traction Co. v. Brown, 115 Tenn. 323, 331, 89 S.W. 319, 321 (1905); Rollins v. Winn Dixie, 780

5

> S.W.2d 765, 767 (Tenn. App. 1989); <u>Schwarzer</u>, 139 F.R.D.
> at 476.

<u>Byrd v. Hall</u>, 847 S.W.2d 208 (Tenn. 1993).

Before further discussion, we should note that the affidavit filed by the plaintiff, in many respects, falls short of the requirements set out in Rule 56, Tennessee Rules of Civil Procedure. Rule 56 expressly provides: "Supporting and opposing affidavits shall be made on personal knowledge, shall set forth such facts as would be <u>admissible in evidence</u>, and shall show affirmatively that the affiant is competent to testify to the matters stated therein." (Emphasis added). <u>See Fowler v. Happy Goodman Family</u>, 575 S.W.2d 496 (Tenn. 1978). The affidavit filed by the petitioner does not meet these criteria. It is replete with hearsay and conclusions and contains little by way of facts. Viewing the competent matters asserted in the affidavit in the light most favorable to the plaintiff and giving due consideration to all inferences that may be properly drawn therefrom, the only fact which we are able to extract from the affidavit is that the defendant admitted that there were mistakes in the final survey.[1]

On the other hand, the defendant filed several affidavits including the affidavit of the plaintiff's former attorney, the

---

[1]David Hopkins is not a party to this lawsuit. For purposes of this appeal, however, we will assume that he, as president of the corporation, has the authority to speak for the defendant, Hopkins Surveying Group, Inc., and that his admissions relating to mistakes may be considered against the defendant.

Snyders' former attorney, and more importantly, the affidavit of the president of the defendant corporation, David L. Hopkins, Jr. Mr. Hopkins deposed, inter alia, as follows:

> I am a surveyor licensed in the State of Tennessee. I am president of Hopkins Surveying Group, Inc., and personally dealt with Reba Pinson and her counsel relative to the matters in dispute in this lawsuit;
>
> *     *     *     *
>
> The work performed by my firm on behalf of Ms. Pinson was accomplished in an accurate and reliable manner using those methods, standards, and practices which are reasonable and customary in the trade. The results of our work were not obtained by relying on the conclusions of others but rather were the product of our own efforts.

The question of whether a summary judgment was appropriate hinges on the question of whether an admission by Hopkins "that there were mistakes in the final survey that had been done and that he (David Hopkins) had known about the mistakes prior to submitting the report and survey to my lawyer" constitutes a genuine issue of a material fact as contemplated by Rule 56, Tennessee Rules of Civil Procedure. We are of the opinion that it does not. The plaintiff's affidavit, for example, does not contain facts demonstrating that the "mistakes" were material to the plaintiff's case or resulted in any damages to her. The affidavit does not reveal who made the "mistakes" or facts from which it can be determined who was responsible for the "mistakes." More importantly, the affidavit contains no facts whatsoever to support the

7

plaintiff's conclusion "that the mistakes were material and had affected the boundary line placement to my detriment, resulting in the line being placed where I received less usable property."

In <u>Benson v. Tennessee Valley Elec. Co-op.</u>, 868 S.W.2d 630 (Tenn. App. 1993), this court quoting from <u>Metropolitan Gas Repair Serv., Inc. v. Kulik</u>, 621 P.2d 313 (Colo. 1980), we find the following statement which we deem apposite to the circumstances of this case:

> The services of experts are sought because of their special skill. They have a duty to exercise the ordinary skill and competence of members of their profession, and a failure to discharge that duty will subject them to liability for negligence. Those who hire such persons are not justified in expecting infallibility, but can expect only reasonable care and competence.

<u>Id</u>. at 638.  <u>See Also</u> <u>Dooley v. Everett</u>, 805 S.W.2d 380 (Tenn. App. 1990).

Further, in <u>Delmar Vineyard, et al. v. B. A. Timmons, C.P.A., et al</u>, we find the following:

> Generally, it is established law throughout this country that an accountant does not guarantee correct judgment, or even the best professional judgment, but merely reasonable care and competence. <u>Bloch, Inc. v. Klein</u>, 45 Misc.2d 1054, 258 N.Y.S.2d 501; <u>Gammel v. Ernst & Ernst</u>, 245 Minn. 249, 72 N.W.2d 364, 54 A.L.R.2d 316; <u>Maryland Casualty Co. v. Cook, D.C.</u>, 35 F.Supp. 160; 54 A.L.R.2d 324.

> The standard of care applicable to the conduct of audits by public accountants is the same as that applied to doctors, lawyers, architects, engineers and others furnishing skilled services for compensation and that standard requires reasonable care and competence therein. ... 1 Am.Jur.2d, Accountants, Sec. 15; 54 A.L.R.2d 328.

Id. at page 920.

We are of the opinion and hold that the same standard of care applies to registered land surveyors, i.e., they have a duty to exercise the ordinary skill and competence of members of their profession, and a failure to discharge that duty will subject them to liability for negligence.

Thus, applying the rule enunciated above to the facts of this case, we have the undisputed, unrefuted testimony of Mr. Hopkins that "the work performed by my firm on behalf of Ms. Pinson was accomplished in an accurate and reliable manner using those methods, standards, and practices which are reasonable and customary in the trade." There is no evidence that "mistakes in the final survey," without more, demonstrates a deviation from the duty to exercise the ordinary skill and competence of members of the land surveying profession.

We conclude that a disputed fact relating to whether there were mistakes in the final survey, without more, does not constitute a genuine issue of a material fact as required by Rule 56,

9

Tennessee Rules of Civil Procedure.  We further conclude that expert testimony would be required to demonstrate that there was a deviation from the standards of professional practice prevailing in the land surveying profession.  No such evidence is to be found in the record.

As to any issue of misrepresentation, the law is well-settled. The general rule is set out in <u>Holt v. American Progressive Life Insurance Company</u>, 731 S.W.2d 923 (Tenn. App. 1987).

> One who, in the course of his business, profession, or employment, or during a transaction in which he had a pecuniary interest, supplies false information for the guidance of others in their business transactions, is subject to liability for pecuniary loss caused to them by their justifiable reliance upon such information, if he fails to exercise reasonable care or competence in obtaining or communicating the information. <u>Jasper Aviation, Inc. v. McCollum Aviation, Inc.</u>, 497 S.W.2d 240 (Tenn. 1972); <u>Hunt v. Walker</u>, 483 S.W.2d 732 (Tenn. App. 1971). This standard of liability substitutes a reasonable care standard for the common law scienter requirement. In other words, in business transactions, a defendant can be held liable for negligent misrepresentations.

<u>Id.</u> at page 927

There is no issue raised concerning the communication of information from the defendant to the plaintiff or her attorney in the boundary line dispute.  The affidavit of Mr. Hopkins likewise disposes of the issue of negligent misrepresentation by standing

10

unrefuted as it relates to the methods, standards and practices which are reasonable and customary in the trade.

We find that this case was an appropriate case for disposition by summary judgment.

The appellee asks that we find this appeal to be frivolous and award damages accordingly. We do not find this appeal to be frivolous. The judgment of the trial court is affirmed in all respects. Costs are assessed to the appellant and this case is remanded to the trial court.

_____
Don T. McMurray, Judge

CONCUR:

_____
Herschel P. Franks, Judge

_____
William H. Inman, Senior Judge

```
               IN THE COURT OF APPEALS
                    AT KNOXVILLE




REBA PINSON,                    )     HAMILTON CIRCUIT
                                )     C.A. NO. 03A01-9712-CV-00533
                                )
         Plaintiff-Appellant    )
                                )
vs.                             )
                                )     HON. DOUGLAS A. MEYER
                                )     JUDGE
                                )
HOPKINS SURVEYING GROUP, INC.,)
                                )
          Defendant-Appellee    )     AFFIRMED AND REMANDED
```

**<u>JUDGMENT</u>**

This appeal came on to be heard upon the record from the Chancery Court of Hamilton County, briefs and argument of counsel. Upon consideration thereof, this Court is of opinion that there was no reversible error in the trial court.

The judgment of the trial court is affirmed in all respects. Costs are assessed to the appellant and this case is remanded to the trial court.


                              PER CURIAM